## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION (No. VI)

MDL DOCKET NO. MDL 875

THIS DOCUMENT RELATES TO:
All actions filed by Cascino Vaughan Law
Offices assigned to Hon. Judge Strawbridge
for mediation

## MOTION TO DEFENDANTS TO COMPEL
## AND/OR VERIFY COMPLIANCE WITH RULE 26 (a)(1)(A)(ii)

NOW COME plaintiffs, by their attorney, Michael P. Cascino of Cascino Vaughan Law

Offices, and move to Compel and/or Verify Defendants' Compliance with Rule 26 (a)(1)(A)(ii).

Concerning Drs. Schonfeld, Anderson, and Sadek.

### BACKROUND

Pursuant to Rule 26(a)(1)(A)(ii), plaintiffs had requested that defendants turn over

documents relating to Drs. Schonfeld, Anderson, and Sadek. As of this date, only Health Screen

records have been made available.  Defendants have not offered a good faith reason or

explanation as to why additional documents are not being disclosed. Defense attorneys

Mulholland and Setter do not explain why non Health screen documents are not being produced

other than claiming that they are not "obligated" to produce them. See Exhibit "A".

## LAW

Rule 26 (a)(1)(A)(ii) provides:

> "a copy - or a description by catagory and location - of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment."

Under the rules, there is no requirement that plaintiffs demand these documents. The defendants are obligated by the rule to provide the documents under the rule.

Courts have held that Rule 26 information should not be withheld if the evidence may be both substantive evidence and impeachment evidence, because it is not solely offered for impeachment purposes. *Klonoski v. Mahlab*, 156 F.3d 255 (see also *Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513 (5th Cir. 1993) holding that a tape must be disclosed "[b]ecause the tape is, at the very least, in part substantive, it should have been disclosed prior to trial, regardless of its impeachment value").

## RULE 26 (a)(1)(A)(ii)  RECORDS

Defendants have been collecting information concerning Dr. Schonfeld for years. Defendants are believed to have evidence beyond the Health Screen records they are willing to produce.

Defendants refuse to acknowledge their responsibility to turn over these documents. They claim they have produced only what they are "obligated" to produce. Defense attorney Mulholland refuses to tell CVLO why these records will not be produced. See Exhibit "A".

Plaintiffs demand defendants produce all Rule 26 (a)(1)(A)(ii) documents related to Drs.

Schonfeld, Anderson, and Sadek, and verify full compliance under Rule 11 that they have produced all documents related to Drs. Schonfeld, Anderson, and Sadek , except those for which "the use would be  solely for impeachment", as opposed to the response by defendants that they have produced what they believe they are "obligated" to produce.

## CONCLUSION

Defendants' attorneys have only offered Health Screen records. No other records have been offered and no reason for refusing to provide additional records have been given. Plaintiffs demand these other records.

Dated: October 25, 2011

Michael P. Cascino

Michael P. Cascino
Attorney for the Plaintiff
CASCINO VAUGHAN LAW OFFICES, LTD.
220 S. Ashland Avenue
Chicago, IL  60607
(312) 944 - 0600